IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| JUSTIN NETHERTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05 C 5265 |
| | ) |
| YAMAHA MOTOR CORPORATION, | ) Wayne R. Andersen |
| U.S.A., a foreign corporation, | ) District Judge |
| YAMAHA CORPORATION OF | ) |
| AMERICA, a foreign corporation, | ) |
| YAMAHA MOTOR CO., LTD., a | ) |
| foreign corporation, YAMAHA | ) |
| MOTOR CORPORATION, LTD., a | ) |
| foreign corporation, YAMAHA | ) |
| MOTOR MANUFACTURING CORP., | ) |
| a foreign corporation; and PILGRAM | ) |
| MOTORSPORTS, a foreign | ) |
| corporation, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of Defendant Pilgrim Motorsports, Suzuki, Yamaha, Ski-Doo, Inc., d/b/a Pilgrim Motorsports ("Pilgrim") for summary judgment pursuant to Fed.R.Civ.P. 56. For the following reasons, the motion is granted.

### BACKGROUND

Plaintiff filed this lawsuit alleging that he was injured in a motorcycle accident as a result of a defect in a YZ250P1 motorcycle designed and manufactured by the Yamaha Motor Company, Ltd., distributed by Yamaha Motor Corporation, USA and sold by Pilgrim. Plaintiff alleges that a defect in the fuel valve and/or fuel system caused the Plaintiff's motorcycle to unexpectedly stall while in operation. Counts III and IV of Plaintiff's Complaint are directed against Pilgrim and seek recovery under the theories of negligence and strict products liability,

respectively. Pilgrim has filed a motion seeking summary judgment in its favor on Counts III and IV of the Complaint.

Pilgrim claims it is entitled to summary judgment as to the strict products liability count contained in Count IV of Plaintiff's Complaint pursuant to the Illinois Distributor Statute, 735 ILCS 5/2-621, because it did not design or manufacture the subject motorcycle. Plaintiff has named the manufacturer, Yamaha Motor Company, Ltd., which has already appeared and answered Plaintiff's Complaint, admitting that it designed and manufactured the subject motorcycle. Furthermore, Pilgrim claims it did not exercise any control over the design or manufacture of the subject motorcycle, nor did it provide any instructions or warnings separate and apart from what came from the manufacturer. Pilgrim also argues it did not have any knowledge of the defect alleged in Plaintiff's Complaint, nor did it create the alleged defect. Therefore, Pilgrim claims it is entitled to summary judgment as to the negligence count contained in Count III because it owed Plaintiff no duty of care.

Despite several extensions in the briefing schedule, Plaintiff has failed to file a response to Pilgrim's motion for summary judgment. Thus, Pilgrim's motion for summary judgment is unopposed by Plaintiff.

## DISCUSSION

Summary judgment is proper when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). The moving party bears the burden of establishing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Summary judgment is appropriate when a party "fails to make a showing sufficient to establish the existence of an element essential to that

party's case, on which that party will bear the burden of proof at trial." *Id.*

I. Products Liability Claim

Count IV of Plaintiff's Complaint alleges strict products liability against Pilgrim. Pilgrim argues that it is entitled to judgment in its favor on this Count, pursuant to Section 5/2-621 of the Illinois Revised Statutes, because the manufacturer of the product, Yamaha Motor Company, Ltd., has already been named in this lawsuit, has appeared and answered, and has admitted that it designed and manufactured the subject motorcycle. Similarly, Pilgrim, a non-manufacturing defendant, only sold the subject motorcycle to Plaintiff.

The Illinois Distributor Statute, 735 ILCS 5/2-621, governs the liability of non-manufacturing defendants in product liability actions. *See Gilmore v. Festo KG*, 2000 U.S. Dist. LEXIS 38 at *2 (N.D. Ill. 2000). Section 5/2-621 provides in pertinent part as follows:

> (b) Once the plaintiff has filed a complaint against the manufacturer or manufacturers, and the manufacturer or manufacturers have or are required to have answered or otherwise pleaded, the court shall order the dismissal of a strict liability in tort claim against the certifying defendant or defendants, provided the certifying defendant or defendants are not within the categories set forth in subsection (c) of this Section.

Subsection © provides:

> A court shall not enter a dismissal order relative to any certifying defendant or defendants other than the manufacturer even though full compliance with subsection (a) of this Section has been made where the plaintiff can show one or more of the following:
>
> 1) That the defendant has exercised some significant control over the design or manufacture of the product, or has provided instructions or warnings to the manufacturer relative to the alleged defect in the product which caused the injury, death or damage; or
>
> 2) That the defendant had actual knowledge of the defect in the product which caused the injury, death or damage; or

3

> 3) That the defendant created the defect in the product which caused the injury, death or damage.

735 ILCS 5/2-621.

The former Owner and President of Pilgrim, Steve Prain, has attested that, while Pilgrim sold the subject motorcycle to the purchaser, it did not design or manufacture the motorcycle or its component parts, including the fuel valve and fuel system. Instead, Yamaha Motor Company, Ltd., was the entity that designed and manufactured the subject YZ250P1 motorcycle. Mr. Prain further attests that, as the retailer of the subject motorcycle, Pilgrim did not have control over the design or manufacture of the subject motorcycle or its component parts, nor did it provide any input into the design and manufacture of the subject motorcycle, including its fuel valve and fuel system.

Likewise, the undisputed evidence reveals that Pilgrim did not provide any warnings or instructions to the manufacturer relative to the fuel valve and fuel system that Plaintiff alleges was defective. The only warnings and instructions provided to the buyer were those that came with the motorcycle from the manufacturer. Lastly, Mr. Prain attests that Pilgrim did not have any knowledge of the alleged defect in the fuel valve and fuel system and did not create the alleged defect in the subject motorcycle.

In sum, it is uncontroverted that Yamaha Motor Company, Ltd., designed and manufactured the subject motorcycle and that Pilgrim was merely the dealer which sold the subject motorcycle to the consumer. Furthermore, none of the exceptions set forth in Section 5/2-621 have been, or can be, met.

Accordingly, we grant summary judgment in favor of Pilgrim on Count IV of Plaintiff's Complaint, the strict products liability claim against Pilgrim.

II. <u>Negligence Claim</u>

To prevail on a negligence claim in this instance, Plaintiff must establish by way of some evidentiary material that the defendant owed Plaintiff a duty in connection with the product, that the defendant failed to perform or breached that duty, and that Plaintiff's injury was a proximate result of the breach. *Phillips v. United States Waco Corp.*, 516 N.E.2d 670, 674 (Ill. App. Ct. 1987). Furthermore, the existence of a duty is a question of law. *Cooper v. Carl Nelson & Co.*, 211 F.3d 1008, 1015 (7th Cir. 2000).

Plaintiff claims that Pilgrim was negligent in selling a motorcycle that lacked a safe functioning fuel valve and/or fuel system and lacked adequate safeguards to prevent the motorcycle from unexpectedly stalling. However, it is uncontroverted that Pilgrim did not design or manufacture the allegedly defective motorcycle, including any of its component parts such as the fuel valve and/or fuel system. Likewise, Pilgrim did not exercise any control over the design or manufacture of the subject motorcycle and provided no input into the design or manufacture of the subject motorcycle or its component parts. Furthermore, Mr. Prain attests that Pilgrim did not have any knowledge of the alleged defect in the motorcycle and did absolutely nothing to create the alleged defect in the motorcycle which Plaintiff claims caused or contributed to his accident. As a result, Pilgrim had no legal duty to install safeguards on the motorcycle to prevent it from stalling as it had no knowledge of, and did nothing to create, the alleged defect. Therefore, Plaintiff's negligence claim against Pilgrim must fail.

Plaintiff also alleges that Pilgrim was negligent in failing to warn the operator that the motorcycle could unexpectedly stall while in operation or could be unreasonably dangerous if not operated properly. A general duty to warn exists only where there is unequal knowledge, actual or constructive, and defendant, possessed of such knowledge, knows or should know that

5

harm might occur if no warning is given. *Wagner v. Harley-Davidson*, 1995 U.S. Dist. LEXIS 12957, at ** 13-14 (N.D. Ill. 1995).

Here, the risks that a motorcycle may stall while in operation or be unreasonably dangerous if not operated properly are inherent risks of riding a motorcycle and obvious not only to the parties but to anyone riding a motorcycle. Pilgrim, therefore, did not have a duty to warn of those risks. *See Miller v. Dvornik*, 1986 Ill. App. LEXIS 2875, at *15 (1986) (Distributor of motorcycle was not negligent because it had no legal duty to either add safety crash bars or to warn plaintiff of the hazards of riding a motorcycle without crash bars); *see also Bossert v. F.S. Tate*, 539 N.E.2d 729 (Ill. App. Ct. 1989).

Moreover, Plaintiff's claim that Pilgrim should have warned of the allegedly defective fuel valve also fails because Pilgrim did not possess knowledge of the alleged defect and was not involved in any aspect of the design or manufacture the motorcycle. Quite simply, Plaintiff has not produced any factual basis to support his claim that Pilgrim was negligent in failing to warn of the alleged risks of the motorcycle sold by Pilgrim. Accordingly, summary judgment is granted as to Count III of Plaintiff's Complaint because there is no evidence that Pilgrim was negligent with respect to the sale of the subject motorcycle.

## CONCLUSION

For the foregoing reasons, we grant the summary judgment motion of Defendant Pilgrim Motorsports, Suzuki, Yamaha, Ski-Doo, Inc., d/b/a/ Pilgrim Motorsports.(# 45). Judgment is hereby entered in favor of Defendant Pilgrim on Counts III and IV of Plaintiff's Complaint.

It is so ordered.

Wayne R. Andersen
United States District Court

Dated: March 19, 2007